EUGENE SAXE, Respondent, v. SUGARLAND MANUFACTURING COMPANY, Appellant.

First Department, November 7, 1919.

Practice — service of summons on foreign corporation — surrender of certificate of authority and revocation of designation of person on whom service may be made — service on Secretary of State.

Where a foreign corporation procures a certificate of authority to transact business within this State, pursuant to the provisions of section 15 of the General Corporation Law, carries on business, incurs obligations, and has a person designated upon whom service of process may be made, and thereafter files a surrender of its certificate of authority and a revocation of the designation of the person upon whom service of process may be made, an action against it, based on a liability arising in this State prior to the filing of the surrender of its certificate of authority, may be commenced by service of a summons upon the Secretary of State pursuant to the provisions of section 16 of the General Corporation Law.

APPEAL by the defendant, Sugarland Manufacturing Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of May, 1919, denying its motion to vacate the service of the summons herein.

*Henry T. Hornidge* of counsel [*Alfred W. Kiddle* with him on the brief; *Walter J. Vreeland,* attorney], for the appellant.

*Mervyn Mackenzie* of counsel [*Hastings & Gleason,* attorneys], for the respondent.

LAUGHLIN, J.:

Defendant is a corporation, incorporated under the laws of Texas. The cause of action alleged in ·the complaint is on an express contract alleged to have been made by defendant with the plaintiff in this State, by which, in consideration of plaintiff's procuring for the defendant a contract in writing bearing date the 6th day of March, 1916, whereby Marden, Orth & Hastings Co., Inc., a corporation organized and existing under the laws of Maine, should purchase from defendant, during the year 1916, 9,500 tons of sulphuric acid, the defendant agreed to pay the plaintiff a commission of $2 per ton of the sulphuric acid, to be paid in monthly installments covering the shipments made by defendant to the purchaser each month. It is alleged that the plaintiff procured the contract which was entered into between said Marden Orth & Hastings Co. and the defendant, and that the defendant shipped a small quantity of sulphuric acid, which was not of the kind, description or quality called for by the contract, and that the defendant wholly failed and refused to perform the contract, although the purchaser was at all times ready, willing and able to perform and to accept and pay for the sulphuric acid at the prices and according to the terms of the contract. Judgment is demanded for $19,000, being the amount of the plaintiff's commissions on the 9,500 tons and interest thereon from the 1st of January, 1917, together with costs.

The defendant duly obtained a certificate from the Secretary of State in the year 1916, pursuant to the provisions of section 15 of the General Corporation Law, authorizing it to do business here, and its attorney on the appeal, Walter J. Vreeland, was

duly designated as the person upon whom service of process might be made. Defendant, however, filed with the Secretary of State on the 20th of July, 1917, an instrument in writing, executed in its name by its president and under its corporate seal by the authority of its board of directors, purporting to revoke the designation of Vreeland and reciting that the corporation had not been engaged in business in this State for one year prior to the 7th day of July, 1917, and purporting to surrender its certificate of authority to do business here, which was annexed thereto together with a certificate signed by Vreeland consenting to the revocation, which was duly acknowledged.

The summons and complaint were served by delivering two copies thereof to the Secretary of State on the 3d day of February, 1919, and by paying to him at the same time two dollars, being the statutory fee therefor. The Secretary of State forwarded one copy of the summons and complaint to the defendant at its post office address in Texas. It evidently transmitted them to Mr. Vreeland, for on the 14th of February, 1919, he wrote plaintiff's attorneys stating that he had received them from the defendant but that he had had no opportunity of knowing the facts or looking into the merits of the case, and requesting that the defendant be given opportunity so to do by granting a reasonable extension of time. It appears that a formal stipulation extending the defendant's time to plead to and including the 10th day of March, 1919, was signed by the attorneys for the plaintiff and by Vreeland as attorney for the defendant, on that day, and a like stipulation was signed by them further extending the time until the seventeenth day of March. On said seventeenth day of March, Vreeland as attorney for the defendant, appearing specially for the motion, served notice of the motion to vacate the service of the summons upon the ground that the service upon the Secretary of State was not service upon the defendant for the reason that it had withdrawn its business from the State and had no property therein and had revoked its designation of an agent. The motion was made on the summons and complaint and an affidavit made by Vreeland, stating that on or about the 1st day of July, 1917, defendant withdrew its business and property from the State and revoked its designa-

tion of its agent for the service of process, and surrendered to the Secretary of State its certificate of authority to do business here, and that it had not been engaged in business in this State for one year prior thereto, and that none of its officers or representatives were within the State. The plaintiff in opposition to the motion presented affidavits showing that his cause of action was on a contract with defendant duly made and performed here, and that it accrued before the attempted surrender of defendant's certificate of authority to do business here, and setting forth the record evidence with respect to the defendant's attempted surrender of its authority and revocation of the designation of Vreeland. The memorandum opinion denying the motion predicates the denial thereof on the letter of defendant's attorney asking for the extension of time and on the stipulations which, it was held, constituted a submission to the jurisdiction of the court. In the view we take of the case, we do not deem it necessary to pass upon that point, the soundness of which may well be doubted, for we are of opinion that the service was good. At the time the defendant obtained authority to do business here, and when it attempted to surrender the same, the statute contained no limitation with respect to the period during which the authority to do business here duly conferred upon a foreign corporation should continue, and contained no provision for surrender of such authority; but by section 16a, added by chapter 193 of the Laws of 1918, authority to surrender such a certificate was conferred. That section expressly provides that, notwithstanding the surrender of the authority to do business here and the revocation of the designation of the person upon whom the process might be served, process against the corporation " in an action upon any liability incurred within this State before the filing of such certificate of surrender of authority may, after the filing thereof, be served upon the Secretary of State," and provides that at the time of the service plaintiff shall pay to the Secretary of State two dollars, and that the Secretary of State shall forthwith mail a copy of the process to the corporation if its address or the address of any officer thereof is known to him. I deem it quite clear that the service upon the Secretary of State was good for the reason that section 16 of the General Corporation Law in force

at the time of the attempted surrender of authority, authorized the filing of a revocation of consent by the person designated for the service of process, and provided that in the event of the death or removal from the place where the corporation has its principal place of business within the State of the person so designated, or by the filing of a revocation of his consent, if the corporation failed to file another designation, the Secretary of State might revoke its authority to do business here, and that process against it in an action upon any liability incurred here before the revocation, might after the death or removal or revocation of consent and before another designation was made, be served upon the Secretary of State, to whom two dollars was required to be paid, and it then became his duty to mail a copy of the process to the corporation if its address or the address of any of its officers is known to him. It was, therefore, competent for Mr. Vreeland to revoke the consent to have process served upon him by plaintiff after having obtained authority to do business here; but the authority of the Secretary of State to receive service of process in an action upon a liability theretofore incurred within this State could not be withdrawn; for even if, under the statute, the Secretary of State had revoked defendant's authority for its failure to make another designation, service could still be made upon him in an action upon any liability incurred here before such revocation. It is not necessary to decide whether the attempted surrender of the defendant's authority was effectual for any purpose, for in any event it could not be effectual to withdraw the authority of the Secretary of State to receive service concerning liabilities already incurred, in the absence of express statutory authority therefor. (See *Badger* v. *Helvetia Swiss Fire Ins. Co.*, 136 App. Div. 31; *Hunter* v. *Mutual Reserve Life Ins. Co.*, 184 N. Y. 136; *Mutual Life Ins. Co.* v. *Spratley,* 172 U. S. 602; *Mutual Reserve, etc., Assn.* v. *Phelps,* 190 id. 147; *Birch* v. *Mutual Reserve Life Ins. Co.,* 91 App. Div. 384; affd., 181 N. Y. 583.)

It follows that the order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., SMITH, PAGE and PHILBIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.