THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* BANKERS' CAPITAL CORPORATION and Others, Defendants.

Supreme Court, Kings County, April 9, 1930.

*Hamilton Ward, Attorney-General,* for the plaintiff.

*Bassett, Thompson & Gilpatric,* for the defendant Eastern Bankers' Corporation.

DUNNE, J. The complaint charges the defendant Eastern Bankers' Corporation, a foreign corporation, with alleged fraudulent practices in violation of the Martin Act (Gen. Bus. Law, art. 23-A) while it was authorized to do business in this State. The mere fact that it filed a certificate of surrender of such authority to do business did not preclude the Attorney-General of his right to institute the present action. Paragraph e of subdivision 1 of section 216 of the General Corporation Law of 1929 (Laws of 1929, chap. 650) provides that the certificate of surrender contain the following: " That it consents that process against it in an action or proceeding upon any liability or obligation incurred within this state before the filing of the certificate of surrender of authority, after the filing thereof, may be served upon the secretary of state." By filing its certificate of revocation of authority to do business in the State the defendant foreign corporation expressly stipulated that service of legal process could be made on it by serving the Secretary of State. Such service has been effected. The defendant maintains, however, that paragraph e of subdivision 1 of section 216 cannot be construed as including an action commenced under the Martin Act, in that such action is not upon " any liability or obligation." However, I am of the opinion that the language of the statute is intended also to cover a case within the category of the present.

Bouvier defines " obligation " as being in its general and most extensive sense synonymous with duty. In the more technical sense it is " a tie which binds us to pay or do something agreeably to the laws and customs of the country in which the obligation is made." Webster defines it as being " the binding power of a vow, promise or contract of law, civil, political or moral, independent of a promise; that which constitutes legal or moral duty and that which renders a person liable to coercion and punishment for neglecting it."

The complaint sets forth that the defendant engaged in fraudulent practices while engaged in business in this State. Article 23-A of the General Business Law (Martin Act) expressly prohibits such

practices. In thus doing the said defendant engaged in conduct which was not " agreeable to the laws and customs " of the people, and for such alleged tortious conduct became answerable to the people in their collective capacity. The people might impose conditions on the defendant before permitting it to do business within their State, and they were entitled to rely on the agreements filed with the Secretary of State for their protection. The defendant cannot now repudiate its agreement for the purpose of avoiding the consequences of its alleged wrongful conduct. The fraudulent practice is claimed to have occurred during the period that the defendant was authorized to do business here; it was during that period that the defendant is alleged to have taken advantage of the very people who conferred the privilege, and now to say that they cannot protect themselves against a possible recurrence is untenable.

Defendant's motion to set aside the service of the summons and complaint denied. (*Hunter* v. *Mutual Reserve Life Ins. Co.*, 184 N. Y. 136; *Saxe* v. *Sugarland Mfg. Co.*, 189 App. Div. 204; *American Fidelity Co.* v. *Leahy*, Id. 242.)