**UNITED STATES of America,**

**v. ·**

**CIGARETTE MERCHANDISERS AS-SOCIATION, Inc., et al.,**
**Defendants.**

United States District Court
S. D. New York.
Nov. 3, 1955.

See also D.C., 136 F.Supp. 214.

Stanley N. Barnes, Asst. Atty. Gen., George L. Derr, Asst. Chief, Gen. Litigation Section, Antitrust Division, Richard B. O'Donnell Chief, Antitrust Division, New York City, John D. Swartz, Richard Owen, Louis Perlmutter, Ralph Goodman, Trial Attys., New York City, for United States.

Mervin C. Pollak, New York City, for Cigarette Merchandisers Ass'n, Inc., Matthew Forbes, United Tobacco Corp., Jackson Bloom, Harold Vending Corp., Harold Jacobs, County Enterprises, Inc., and Louis Price.

Parker, Chapin & Flattau, New York City, for defendants the Rowe Corp. and Arthur Gluck.

Goldstein & Goldstein, New York City, for defendant Cigarette Service, Inc.

Katz & Wolchok, New York City, for defendants Local 805 and Milton Holt.

SUGARMAN, District Judge.

All defendants except one, pursuant to F.R.Crim.P. rule 11, 18 U.S.C.A., offer to withdraw their heretofore entered pleas of not guilty and to plea *nolo contendere* to the indictment herein, charging violation of the antitrust laws in the distribution, by coin vending machines, of cigarettes, in the metropolitan area of New York. The Attorney General opposes the granting by the court of its consent to the acceptance of the *nolo contendere* pleas, required by that rule.

At the outset, it is well to note that the committee which drafted the Federal Rules of Criminal Procedure apparently retained the plea of *nolo contendere* to meet a need peculiar to antitrust prosecutions.[1] This need has long been recognized as requisite in the absence of statutory authority to impose civil penalties for past violations of the antitrust laws as distinguished from damages as-

1. Proceedings of the Institute conducted by the New York University School of Law in collaboration with the Section

of Criminal Law of the American Bar Association, etc., February 15 and 16, 1946, pp. 162 and 188.

sessable against an offender at the behest of a private victim of the offense.[2]

In the light of this concept of criminal liability for violation of the antitrust laws, it is necessary to appraise the reasons advanced by the government in opposition to the acceptance of the proffered pleas of *nolo contendere* in the instant case. They may be summarized as follows: (1) the oppressive manner in which the defendants enforced their restraints upon their victims and (2) the necessity of preserving to those victims in private treble damage suits the benefits of the government's prosecution, if it succeeds.

The government's position would be valid were it not for the simultaneous filing of a companion civil action predicated upon substantially the same facts. It therefore appears to me that it would be an unconscionable waste of the manpower of this court and of the litigants to have two protracted trials involving substantially the same proof.

As to the first objection,—i. e., the oppressive manner in which the defendants enforced their restraints upon their victims—it is a sufficient answer that the sentencing court, on a plea of *nolo contendere*, may impose as severe a fine as upon a plea of guilty or a finding of guilt after trial.

It might be parenthetically noted that the motion papers indicate that in earlier "confidential" conferences between representatives of the government and those of the defendants, wherein discussions were allegedly had about a *nolo contendere* plea and a consent decree, some tentative arrangement was discussed as to the extent of the fines. Inasmuch as the degree of punishment is, in my view, solely the province of the court after due hearing, I deem it inappropriate, if such were the fact, for the parties to have bargained on the amount of the fines.

As to the second objection—i. e., the necessity of preserving to those victims in private treble damage suits the benefit of the government's prosecution, if it succeeds,—this may be accomplished by the simple process of the Attorney General going forward in the trial of the civil suit.

There remains the fact that one individual defendant has not joined with the remainder of the individual and corporate defendants in the offer to plead *nolo contendere*, strenuously asserting his complete innocence of any participation in any of the acts alleged. This fact alone would not warrant the duplication involved. He would still be a defendant in the civil suit wherein the extent of his participation would be resolved. Thereafter the advisability of proceeding further against him could be better determined.

Upon the assumption that the Attorney General will fully apprise the sentencing judge of the oppressive manner in which the illegal restraints herein were enforced and upon the further assumption that the Attorney General will proceed with the trial of the civil action, consent is granted to the acceptance of the pleas of *nolo contendere* by each of the defendants herein proffering the same.

Agreeable with the requirement of F. R.Crim.P. rule 10 that the arraignment be conducted in open court, the United States Attorney will place this case on an appropriate calendar for the withdrawal by the defendants' (except Stern) of their several pleas of not guilty and the entry by each of a plea of *nolo contendere*.

It is so ordered.

2. "For that reason, we have consistently characterized antitrust offenses as public torts, punished by the criminal process * * * That emphasis leads us to suggest that a more appropriate remedy for antitrust violations would be penalties on the civil side of the docket. However, until civil remedies are established by an act of Congress the Department must continue to use the criminal process * * *". 1939 Annual Report of the Attorney General, 37.