**UNITED STATES of America,**
**Plaintiff,**

v.

**MARYLAND & VIRGINIA MILK PRO-**
**DUCERS, Inc., Chestnut Farms-Chevy**
**Chase Dairy Co., and William B. Hoop-**
**er, Defendants.**

**Crim. No. 991-55.**

United States District Court
District of Columbia.

Oct. 30, 1956.

John J. Wilson, Washington, D. C.,
for defendant Chestnut Farms-Chevy
Chase Dairy Co., for the motion.

Joseph J. Saunders, and Edna Lin-
green, Dept. of Justice, Washington, D.
C., opposed.

HOLTZOFF, District Judge.

The defendants are under indictment
charging violations of the Robinson-Pat-
man Act, 15 U.S.C.A. § 13(a). The spe-

cific accusation is that defendant Maryland & Virginia Milk Producers, Inc., supplied milk to defendant Chestnut Farms-Chevy Chase Dairy Company for performance of milk supply contracts made by the latter with the United States Marine Corps, at prices lower than those charged by the Association to competitors of Chestnut Farms. The indictment contains averments showing that these transactions constituted interstate commerce.

The defendant Chestnut Farms-Chevy Chase Dairy Company moves to dismiss the indictment on the ground that its corporate existence was terminated on October 1, 1956, by merger, in accordance with applicable Delaware law, with the National Dairy Products Corporation. The Government does not deny the merger has taken place.

■■■■ In the absence of statutory provisions to the contrary, when corporate existence comes to an end, whether it be by dissolution, liquidation, merger with some other corporation, or by some other method, the corporate entity is no longer in being. No liability, either civil or criminal, can therefore be enforced against it. The cessation of existence of an artificial entity is equivalent to and has the same effect as the death of a natural person. No liability of any kind survives. With the rapid growth of corporations, it was recognized at an early date that such a result was inequitable. Consequently most legislatures in enacting corporation laws began to include express provisions for a partial continuation of the existence of a corporation after the termination of its corporate life, for the purpose of enforcing liabilities that had previously accrued against it. Statutes of this type are remedial and should be broadly and liberally construed.[1] Obviously it would be intolerable and contrary to public policy to permit a corporation to evade civil liability or to escape criminal penalties by voluntarily terminating its existence.

In this case the moving defendant is a Delaware corporation. The applicable statute governing the consequences of a merger is found in Section 261 of the Delaware Corporation Law, 8 Del.C. § 261, which reads as follows:

"Any action or proceeding pending by or against any of the corporations consolidated or merged may be prosecuted as if such consolidation or merger had not taken place, or the corporation resulting from or surviving such consolidation or merger may be substituted in its place."

■■ It will be observed that the pertinent statute provides that any "proceeding" pending against any corporation consolidated or merged may be prosecuted as if such consolidation or merger had not taken place. It is well established that the term "proceeding" includes criminal prosecutions and is not limited to civil actions, United States v. P. F. Collier & Son, Corp., 7 Cir., 208 F.2d 936, 40 A.L.R.2d 1389; United States v. Auerbach, D.C.S.D.Cal., 68 F. Supp. 776, 780–781; United States v. Cigarette Merchandisers Ass'n, D.C.S.D. N.Y., 136 F.Supp. 212, 214; United States v. Maryland State Licensed Bev. Ass'n, D.C.Md., 138 F.Supp. 685, 706–709. It will also be observed that the Federal Rules of Criminal Procedure use the term "proceeding" as applicable to criminal prosecutions.[2]

■■ Counsel for the defendant calls attention to the fact that the statutory provision quoted above consists of two separate disjunctive clauses; and that the second disjunctive clause can be applicable only to civil actions, since it provides for substitution of a corporation resulting from a consolidation or merger, and naturally substitution is not permissible in criminal cases. On this basis, counsel for the defendant urge that the first clause of the sentence should be limited by the second clause and that,

1. Bahen & Wright v. Commissioner of Internal Revenue, 4 Cir., 176 F.2d 538, 539.

2. Rules 1 and 2, 18 U.S.C.A.

therefore, the word "proceeding" should be restricted to civil actions. The court is of the opinion, however, that such an application of the maxim *noscitur a sociis* is not warranted, and that the second clause should not be deemed to constitute a limitation on the first. The two disjunctive clauses are independent of each other and deal with two different situations.

 The court, therefore, reaches the conclusion that the indictment has not abated as against the moving defendant in spite of the fact that this defendant has merged into another corporation.

In justice to the defendant and its counsel, it should be said that it appears that the merger was carried out in good faith and not for the purpose of defeating the present prosecution, but had been planned previously to the return of the indictment.

Motion of the defendant Chestnut Farms-Chevy Chase Dairy Company to dismiss the indictment is denied.