UNITED STATES of America,
Appellee,

v.

Lawrence JOHNSON, Appellant.

No. 398, Docket 24676.

United States Court of Appeals
Second Circuit.

Argued June 14, 1957.

Decided Aug. 6, 1957.

Writ of Certiorari Denied Nov. 12, 1957.
See 78 S.Ct. 116.

William W. Kleinman, Brooklyn, N. Y., for appellant (William W. Kleinman, Brooklyn, N. Y., Daniel H. Greenberg, Seymour J. Shapiro, New York City, of counsel).

Paul W. Williams, U. S. Atty., New York City, for appellee (Robert W. Bjork, Arthur B. Kramer, Asst. U. S. Attys., New York City, of counsel).

Before CLARK, Chief Judge, and CHASE and HINCKS, Circuit Judges.

CHASE, Circuit Judge.

In 1955, and before, the appellant was the sole stockholder, a director and the president, of Brakes, Inc., a New York corporation, a part of whose business was done under contracts with the government. In November 1955, a federal grand jury in the Southern District of New York was investigating charges that Brakes, Inc., had submitted to the government false statements relating to the performance of those contracts and a subpoena *duces tecum* calling for the production of designated books and records concerning one of the contracts was, on November 18, 1955, served on the person who told the marshal that she was the secretary-treasurer of the corporation. Though she was mistaken, no point is made as to any defect in the service of that subpoena and some, though not all, of the books and records called for were produced in response to it.

On May 2, 1957, while another grand jury was continuing the investigation, a second subpoena *duces tecum* was served; this time on the appellant as the president of the corporation. It called for the production of books and records relating to the same contract, some of which had been specifically mentioned in the first subpoena, and some not, and for those relating to twelve other contracts with the government. There was a partial compliance with the second subpoena on May 10, 1957, but only after the appellant had appeared before the grand jury and been directed by its foreman to search for the subpoenaed records and produce them. There was a further

partial compliance on May 14, 1957 after another direction by the foreman; and still another on May 27, 1957, after the appellant had been adjudged in contempt and when he was attempting to purge himself from that.

After all this, compliance with the subpoenas was still incomplete because of the failure to produce called for books and records consisting of sales invoices; purchase orders, journals and invoices; certificates of compliance; records of shipments under each contract; correspondence; both account receivable and account payable ledger cards; and cash disbursements journal for the period from January 1950 to December 1951.

The appellant did not appear at the hearings before the court which resulted in his adjudication for contempt but in his appearances before the grand jury he was examined and on several occasions refused to answer questions on the ground that his answers might be incriminating. The judge held that all such refusals were justified and, as he was not directed to answer any such questions, he was not held in contempt for refusing to testify, the contempt consisting solely in his failure to produce what was specified in the subpoenas.

As to that, the position taken by the appellant before the grand jury and the district court, and now here, is that he did his best to comply with the subpoenas but was prevented from so doing because the things which were called for and not produced were neither under his control nor in existence when the subpoenas were served.

At the time of the service of the subpoenas, Brakes, Inc., had been voluntarily dissolved, that having been formally done on April 1955. Its business had been taken over by a corporation called Brakes Center Inc. Previously some of its books and records had been kept at the place of business it had maintained on West 35th Street in Manhattan and some at its plant in Long Island City. After its dissolution those in Manhatten were taken to the Long Island City premises which were taken over by Brakes Center, Inc. The appellant was not an officer of the last named corporation but was employed by it as its operating manager and no point is made that he could not have produced any of the books and records because they were in the possession of Brake Center, Inc., his position being, as above stated, that he did produce all that he was able to find.

Thus the two questions which this appeal presents are (1) whether the appellant because of his above-stated connection with Brakes, Inc., was, after its dissolution, legally responsible for the production of its books and records which were subpoenaed; and (2) whether the evidence was sufficient to support the finding below that the non-produced books and records were in existence when the subpoenas were served and could have been produced by him.

■ The first question is one of law and need not detain us long. Before the dissolution of Brakes, Inc., the appellant, by virtue of his relationship to the corporation, was in such control of its books and records that he might have been guilty of contempt if he had willfully refused to comply with a subpoena *duces tecum* served on the corporation. Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771; Lopiparo v. United States, 8 Cir., 216 F.2d 87. Upon the voluntary dissolution of Brakes, Inc., its directors were required under New York law, New York Stock Corporation Law, McK.Consol.Laws, C. 59, Section 106(5), to preserve the corporate records until their destruction might be permitted by the court and no such order was shown to have been entered before the subpoenas were served. Consequently, the dissolution of the corporation did not, as a matter of law, relieve the appellant from his former responsibility in respect to his duty to comply with a subpoena *duces tecum* requiring the production of corporate records.

**8**

And so the disposition of this appeal depends in the end upon the sufficiency of the evidence to support the finding of the district judge that the non-produced books and records were in existence when the subpoenas were served and could have been produced by the appellant had he been willing to do that. This issue being such that its solution is dependent upon the specific evidence in the case under consideration, prior decisions in cases somewhat similar are in no real sense controlling. In United States v. Patterson, 2 Cir., 219 F.2d 659, upon which the appellant much relies, decision turned on a close question of fact presented by the particular evidence in that record which was, by a divided court, held insufficient to support the findings on which the contempt judgment was based. Had the evidence been different, of course, the result on appeal might have been different. The evidence here is sufficiently different to produce a different result. There is, accordingly, no conflict in respect to legal principles between the Patterson case and this. Applying those stated there to the evidence here, we are satisfied that the findings below were amply supported by evidence from which the judge found that the non-produced books and records' which were subpoenaed were in existence when the subpoenas were served. Admittedly there was non-compliance. The burden was then upon the appellant to show that he had in good faith tried to comply. United States v. Fleischman, 339 U.S. 349, 70 S.Ct. 739, 94 L.Ed. 906; United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542. The district judge gave him a fair and reasonable opportunity to do that and we agree with the judge's conclusion that he failed to show that he did in good faith attempt to obey the subpoenas. The absence of such a showing leaves his adjudication and sentence for contempt without error. Nilva v. United States, 352 U.S. 385, 77 S.Ct. 431, 1 L.Ed.2d 415.

Affirmed.