**In the Matter of the Application of the United States for an order compelling Harry J. REICHER to comply with an Internal Revenue summons.**

United States District Court
S. D. New York.

Feb. 25, 1958.

Friedland, Jobrack & Zurkow, New York City, for Harry J. Reicher.

Paul W. Williams, U. S. Atty., by John S. Clark, Asst. U. S. Atty., New York City, for the United States.

WEINFELD, District Judge.

The movant, Harry J. Reicher, seeks to vacate an order of this Court directing him to produce books and records of the Atlanta Corporation, Ltd., a Panamanian corporation, before the Internal Revenue Service in connection with an investigation into the tax liability of the corporation. The books and records are and have been located in the Republic of Panama, where the Atlanta Corporation, Ltd. maintains its place of business.

Prior to the issuance of the order sought to be vacated, the movant appeared before the Internal Revenue Service pursuant to a summons previously served upon him as the Vice President of the Atlanta Corporation, Ltd. [1] Reicher testified and according to his petition produced all corporate records that were in his possession or control. During the course of his interrogation he swore that the balance of the records were in Panama under the possession and control of the corporation's president, one Ricardo Arauz, and that he, Reicher, did not object to the examination of those records by an agent of the Internal Revenue Service.

Thereafter, officials of the United States Embassy in the Republic of Panama endeavored to obtain the records from Arauz who declined to yield them without written permission from the movant. Subsequently, the movant did issue written instructions to Arauz to release the records but again he declined to surrender them to Embassy officials this time upon the ground that he was advised by counsel that he, as president of the company, and not Reicher, the movant, was the only authorized representative of the company. Panamanian counsel have confirmed their advice to Arauz and contend that the delivery of the records is prohibited by the laws of

---

1. 26 U.S.C. § 7602.

the Republic of Panama.[2] Arauz's attorneys also contend that he is holding the books and records as security to meet a claim for shares of stock of the corporation and for moneys due him for services rendered.

In sum, Reicher urges that his determined efforts to obtain the release of the sought for documents or to make them available for examination by Government representatives have been of no avail, that he is powerless to compel their production, and consequently the order directing their production should be vacated.

The Government questions Reicher's good faith and on the contrary charges that he "is making every effort to avoid and/or delay the production of the records". It points up the fact that he admits he is the sole stockholder of the corporation and accordingly contends he is in a position to compel the president to make them available.

Thus there is a sharp dispute on the basic question as to whether or not the books and records are subject to the movant's "power and control" so as to enable him to comply with the terms of the order.[3]

In this situation the matter should not be resolved on conflicting affidavits. The issue of "control" and willfulness in failing to comply with the order for the production of the records should be determined in an appropriate contempt proceeding,[4] if the Government is so advised, where the Court will have the opportunity to observe the demeanor of the witnesses, appraise their credibility, and more readily determine whether the movant's efforts for the production of the records were feigned or genuine.[5] This procedure is not only desirable judicial administration but accords with the statutory policy for the enforcement of summons issued by the Internal Revenue Service in connection with its tax investigations. Section 7604 of Title 26 provides in substance that where one is charged with failure to obey a summons or to produce records a hearing shall be had before a judge of the United States District Court who is empowered to enter appropriate orders not inconsistent with the law for punishment of contempts. Moreover, it will more readily protect the rights of the petitioner since in such a contempt proceeding the Government has the burden of proof.

It is not without significance that in National Public Utility Investing Corporation, 2 Cir., 79 F.2d 302, relied upon by the movant, a hearing had been held before a Special Master to whom the issues had been referred.

Settle order on notice.

---

2. That the statute applies where consent of the corporation is granted, is doubtful.

3. United States v. Patterson, D.C., 125 F. Supp. 881 reversed on other grounds, 2 Cir., 219 F.2d 659; United States v. Johnson, 2 Cir., 247 F.2d 5. Cf. Maggio v. Zeitz, 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476.

4. 26 U.S.C. § 7604(b).

5. United States v. Fleischman, 339 U.S. 349, 70 S.Ct. 739, 94 L.Ed. 906.