■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PYMM THERMOMETER CORPORATION and PAK GLASS MACHINERY

CORPORATION, Appellants.—Appeal by the defendants Pymm Thermometer Corporation and Pak Glass Machinery Corporation from a judgment of the Supreme Court, Kings County (Owens, J.), rendered April 3, 1992, convicting them of falsifying business records in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed as to the defendant Pak Glass Machinery Corporation, and a new trial is ordered as to the defendant Pymm Thermometer Corporation. The facts with respect to Pymm Thermometer Corporation have been considered and are determined to be established.

Although the codefendants William and Edward Pymm were officers of the defendant Pak Glass Machinery Corporation (hereinafter Pak Glass), the evidence did not establish beyond a reasonable doubt that their criminal acts were done on behalf of Pak Glass (see, Penal Law § 20.20 [1] [b]; [2] [b]). The verdict against Pak Glass, therefore, was against the weight of the evidence. Accordingly, the judgment against Pak Glass must be reversed, and the indictment against it must be dismissed (see, CPL 470.20 [5]).

Contrary to the argument of the defendant Pymm Thermometer Corporation (hereinafter Pymm), we are satisfied, upon the exercise of our factual review power, that the verdict against it was not against the weight of the evidence (see, CPL 470.15 [5]; *People v Althorne*, 155 AD2d 604).

Nevertheless, Pymm is entitled to a new trial on the ground that a verdict sheet was submitted to the jury, over defense objection, containing portions of the indictment. This constitutes reversible error (see, CPL 310.30; *People v Sotomayer*, 79 NY2d 1029; *People v Nimmons*, 72 NY2d 830).

Finally, we reject Pymm's argument that any prosecution of it abated upon its dissolution, in view of New York's strong public policy in favor of maintaining corporate liability beyond dissolution (see, Business Corporation Law § 1006; *United States v Stone*, 452 F2d 42, 47 [8th Cir]; *United States v Brakes, Inc.*, 157 F Supp 916, 919-920 [SD NY]; *United States v Cigarette Merchandisers Assn.*, 136 F Supp 214, 216-218 [SD NY]; *see also, In re Jury Subpoenas Issued to Thirteen Corps.*, 775 F2d 43 [2d Cir]; *see generally, Melrose Distillers v United States*, 359 US 271 [Del. & Md. law with similar language]). Mangano, P. J., Sullivan, Balletta and Miller, JJ., concur.