**UNITED STATES of America,**
**Appellant,**

v.

**UNITED STATES VANADIUM CORPO-**
**RATION, Electro Metallurgical Com-**
**pany and Electro Metallurgical Sales**
**Corporation, Appellees.**

**No. 5211.**

United States Court of Appeals
Tenth Circuit.

Feb. 11, 1956.

Writ of Certiorari Denied
May 21, 1956.

See 76 S.Ct. 836.

Worth Rowley, Atty., Dept. of Justice, Boston, Mass. (Charles L. Whittinghill, Denver, Colo., Marshal C. Gardner, Attys., Dept. of Justice, Stanley N. Barnes, Asst. Atty. Gen., and Donald E. Kelley, U. S. Atty., Denver, Colo., were with him on the brief), for appellant.

John F. Shafroth and Morrison Shafroth, Denver, Colo. (Erl H. Ellis, Grant, Shafroth & Toll, Denver, Colo., were with them on the brief), for appellees.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

The sole question presented for decision is whether three subsidiary corporations against whom criminal proceedings are pending are entitled to have such criminal proceedings abated, when they thereafter are merged with a parent corporation and have surrendered their charter.

The three subsidiaries against whom criminal actions were pending at the time they were merged with their parent, the Union Carbide and Carbon Corporation, were the Electro Metallurgical Company, a West Virginia corporation, the United States Vanadium Corporation, a Delaware corporation, and the Electro Metallurgical Sales Corporation, a New York corporation. Upon merger with their parent the three subsidiaries were dissolved under the laws of the state of their incorporation. The trial court decided the question in the affirmative and dismissed the criminal proceedings pending against them; the Government has appealed.

There is no conflict in the basic principles of law which must guide us in seeking the correct answer. Thus it is established without exception that at common law, upon dissolution, a corporation ceases to exist for all purposes. It can no more be sued civilly or prosecuted criminally than can a natural person who has died.[1] It is equally well established that such common law status relating to dissolved corporations has been modified and changed by statute in the various states and that under such statutes proceedings and actions as authorized thereby may be maintained against such corporations. Also well settled is the principle that in determining whether upon dissolution the life of a corporation comes to an end for all purposes or whether it remains in a state of suspended animation so to speak for the purposes of the statute, we look to the state law and its construction by the state courts.

No decisions by the courts of Delaware, West Virginia, or New York are cited and our search has failed to reveal any which would definitely and completely answer this question. In United States v. Safeway Stores, Inc., 10 Cir., 140 F.2d 834, we held that a criminal prosecution brought against a dissolved Delaware corporation did not survive. This conclusion is supported by the Sixth Circuit in United States v. Line Material Company, 202 F.2d 929. However, in United States v. P. F. Collier & Son Corporation, 208 F.2d 936, 40 A.L.R.2d 1389, the Seventh Circuit reached a contrary conclusion. In the light of these later decisions we are asked to re-examine the Safeway case and, in effect, are asked to overrule it. Assuming without deciding that members of this panel of the court are not in full sympathy with the law as declared in the Safeway case, for reasons presently stated we nonetheless adhere to the doc-

---

1. See United States v. Safeway Stores, Inc., 10 Cir., 140 F.2d 834, and cases there cited.

trine there announced. We feel that one panel of the court should not lightly overrule a decision by another panel. To do so puts the law into a state of flux, and no one can tell what the law will be until the composition of the court is determined. Since the Circuits are not in agreement as to the law of Delaware and until the Supreme Court has spoken, we adhere to the law as declared in the Safeway case, supra. Since we have reached this conclusion, nothing of value would be added if we analyzed the decisions of the three Circuits which have construed the Delaware law.

■ Appellee Electro Metallurgical Company was a West Virginia corporation. The law of West Virginia with respect to dissolved corporations provides with limitations that suits may be brought, conducted, prosecuted or defended, etc., after dissolution.[2] No decisions have been found interpreting the West Virginia dissolution law. In many aspects it resembles the law of Delaware. We find nothing therein which would require a different conclusion from that with respect to the Delaware law.

■ With respect to the New York subsidiary a somewhat different picture is presented. While no New York decisions are cited which have specifically passed upon the question, there are certain decisions which point the way. There was also filed with us at the time of oral argument a photostatic copy of an opinion by United States District Judge Weinfeld of the Southern District of New York, in which he held that under New York law a criminal action survived the dissolution of a corporation.[3] In reaching this conclusion he relied upon Section 90 of the New York Stock Corporation Law, McK.Consol.Laws, c. 59, which provides, "The rights of creditors of any constituent corporation shall not in any manner be impaired, nor shall any liability or obligation due or to become due, or any claim or demand for any cause existing against any such corporation or against any stockholder thereof be released or impaired by any such consolidation; * * * and no action or proceeding then pending before any court or tribunal in which any constituent corporation is a party * * * shall abate or be discontinued by reason of such consolidation, but may be prosecuted to final judgment, as though no consolidation had been entered into; * * *." Attention was also called to Section 11–a of the New York General Construction Law, McK.Consol.Laws, c. 22, which provides that " 'Action' when applied to judicial proceedings, signifies an ordinary prosecution in a court of justice, by a party against another party, for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. Actions are of two kinds: civil and criminal." From this Judge Wein-

---

2. § 3095 (31–1–83), Code 1949 provides:

"Effect of Dissolution or Expiration.

"When a corporation shall expire or be dissolved as prescribed in this article, its property and assets shall be subject to the payment of the corporate obligations and the expenses of winding up its affairs, * * *. The board of directors and the executive officers in office at the date of such expiration or dissolution, * * * may cause suits to be brought, conducted, prosecuted or defended, the real and personal property of the corporation to be conveyed or transferred under the common seal or otherwise, further assurances of previous conveyances to be made, and all lawful acts to be done, in the corporate name, in like manner and with like effect as before such dissolution or expiration; but so far only as shall be necessary or proper to do and perform every act and thing which should have been or should be done and performed by the corporation, and for collecting the debts and claims due to the corporation, converting its property and assets into money, prosecuting, defending and protecting its rights, enforcing all claims in its favor, and paying over and distributing its property and assets, or the proceeds thereof, to those entitled thereto."

3. See United States v. Cigarette Merchandisers Association, Inc., D.C., 136 F. Supp. 214.

feld concluded that the word "action" in Section 90 embraced both civil and criminal proceedings. With this reasoning, we agree.

But aside from statutory construction and consideration, Judge Weinfeld concluded that the clear public policy of New York with respect to dissolved or consolidated corporations included the "right of the community to vindicate any charge against the corporation for crimes it may have committed prior to dissolution." [136 F.Supp. 217.]

Appellees seek to distinguish the Cigarette Merchandisers case on the ground that it was decided under Section 90 dealing with consolidations, while these cases arose under Section 85 and Section 29 of the New York General Corporation Law, McK.Consol.Laws, c. 23, which deal with the merger of corporations. For the decision of the question before us, this in our view is a distinction without a difference. Neither Section 85 nor Section 29 deal with what pending causes of action survive the dissolution of a corporation. Section 29 merely provides that in the event of a dissolution of a corporation for any cause or in manner its corporate existence shall continue for the purpose of winding up its affairs, and Section 85 provides that when a certificate is filed all the property of the merged corporation vests and is held and enjoyed by the successor corporation subject to all liabilities and obligations of the merged corporation. Subsection 8 of Section 105 provides that such a corporation shall continue for the purpose of satisfying obligations and collecting assets, and that for such purposes it may sue and be sued.

The Cigarette Merchandisers case was not decided on the narrow ground that the law declared therein applied only in the case of consolidation and was not intended to cover mergers. In the statement of facts in that case it is stated that the stockholders of the "Rowe" Corporation "voted to *merge* [4] and consolidate," and further on it is stated that un-

der the New York law governing consolidation a merged corporation is continued for purposes of criminal prosecution.

[8] There is, of course, a legal and technical distinction between merger and consolidation of two companies, which for some purposes may become important. However, for the purpose of answering the question presented to us, it is in our view immaterial whether there is a merger or consolidation. In the case of a merger the merged corporation is absorbed by the merging company and ceases to exist, while the merging company continues its existence. In the case of a consolidation of two companies, a new entity is created into which both of the consolidated companies are absorbed. In each instance the question is what becomes of criminal prosecutions pending against companies which now no longer exist, either as a result of a merger or of a consolidation.

We see nothing in Section 85 which leads us to conclude that with respect to liability under a pending criminal action the status of a non-existent corporation resulting from a merger is controlled by different principles of law than is the status of such a company when it becomes extinct by consolidation.

Since the decision in the Cigarette Merchandisers case is by a federal court, it is of course not binding upon us. We, however, feel that it is a well reasoned case and that it correctly analyzes the New York law. It is our conclusion that under New York law a criminal action pending against a corporation which is merged survives the same as in the case of its consolidation.

In United States v. Electro Metallurgical Company and in United States v. United States Vanadium Corporation the judgments are affirmed. In United States v. Electro Metallurgical Sales Corporation the judgment is reversed and the cause is remanded for proceedings in conformity with the views expressed herein.

4. Emphasis supplied.