## MELROSE DISTILLERS, INC., ET AL. v. UNITED STATES.

No. 404.   Argued March 30, 1959.—Decided April 20, 1959.

*Robert S. Marx* argued the cause for petitioners. With him on the brief were *Hilary W. Gans* and *Roy G. Holmes.*

*Richard A. Solomon* argued the cause for the United States.   With him on the brief were *Solicitor General Rankin, Assistant Attorney General Hansen* and *Henry Geller.*

Mr. Justice Douglas delivered the opinion of the Court.

Petitioners are corporations—two organized under Maryland law and one under Delaware law—and wholly owned subsidiaries of Schenley Industries, Inc.   They were indicted with others for restraining trade, conspiring to monopolize and attempting to monopolize commerce in violation of §§ 1 and 2 of the Sherman Act, 26 Stat. 209, 15 U. S. C. §§ 1, 2.   Shortly after the indictment was returned, petitioners were dissolved under their respective

state statutes and became separate divisions of a new corporation under the same ultimate ownership. They then moved to dismiss the indictment on the ground that their dissolution abated the proceeding. The District Court denied the motions, holding that under the applicable Maryland and Delaware statutes the existence of the dissolved corporations continued so far as prosecution of this criminal proceeding was concerned. 138 F. Supp. 685. Petitioners then pleaded *nolo contendere* and the District Court levied fines against them. The Court of Appeals affirmed, 258 F. 2d 726. The case is here on a petition for a writ of certiorari which we granted because of a conflict among the Circuits.[1]   358 U. S. 878.

We start from the premise that in the federal domain prosecutions abate both on the death of an individual defendant (*List* v. *Pennsylvania,* 131 U. S. 396; *Schreiber* v. *Sharpless,* 110 U. S. 76) and on the dissolution of a corporate defendant (*Defense Supplies Corp.* v. *Lawrence Warehouse Co.,* 336 U. S. 631, 634), unless the action is saved by statute. We need not decide whether federal law alone would be sufficient to save a federal cause of action against a corporation dissolved under state law. We have here a situation where the interplay of federal and state law makes it clear that petitioners did not escape criminal responsibility under the Sherman Act by the kind of dissolution decreed under Maryland and Delaware law.

The Sherman Law in § 8 defines "person" to include corporatiors "existing" under the laws of any State. The question whether a corporation "exists" for any purpose is thus determined by reference to state law. We conclude that under both Maryland and Delaware law the

---

[1] See *United States* v. *Line Material Co.,* 202 F. 2d 929; *United States* v. *United States Vanadium Corp.,* 230 F. 2d 646. Cf. *United States* v. *P. F. Collier & Son,* 208 F. 2d 936.

lives of these corporations were not cut short, as is sometimes done on dissolution, cf. *Chicago T. & T. Co.* v. *Wilcox Bldg. Corp.*, 302 U. S. 120, but were sufficiently continued so that this proceeding did not abate.

In Maryland, during the period relevant here, though the dissolution of the corporation was effective when the articles of dissolution had been accepted, the corporation continued "in existence for the purpose of paying, satisfying and discharging any existing debts and obligations . . . ." (Flack's Md. Ann. Code, 1951, Art. 23, § 72 (b).) It was also provided in § 78 (a) that "such dissolution" shall not "abate any pending suit or proceeding by or against the corporation . . . ." We have found no Maryland decisions interpreting these sections; but we are satisfied that the term "proceeding," no matter how the state court may construe it,[2] implies enough vitality to make the corporation an "existing" enterprise for the purposes of § 8 of the Sherman Act.

The Delaware statute seems equally clear, though again there is no authoritative interpretation of it. It provides that any "proceeding" begun by or against a corporation before or within three years after dissolution shall continue "until any judgments, orders, or decrees therein shall be fully executed." Del. Code Ann., 1953, Tit. 8, § 278; *Addy* v. *Short*, 47 Del. 157, 89 A. 2d 136, 139. The term "proceeding" is elsewhere used in the Delaware Code as including criminal prosecutions;[3] and that seems to us to

---

[2] A memorandum filed by the Attorney General's office states that while there are no rulings on the point by the Maryland Court of Appeals or by the Attorney General, "the issue has been fully covered in opinions of the District Court and the Fourth Circuit Court of Appeals." And it adds, "We wish to express, however, our concurrence with the rulings of the lower courts in the pending litigation."

[3] "Whenever a corporation is informed against in a criminal proceeding . . . ." Tit. 11, § 1702.

be consistent with its normal construction.[4]  We conclude that irrespective of how the Delaware statute may be construed by the Delaware courts, it sufficiently continued the existence of this corporation for the purpose of § 8 of the Sherman Act.

Policy reasons look to the same result.  Petitioners were wholly owned subsidiaries of Schenley Industries, Inc.  After dissolution they simply became divisions of a new corporation under the same ultimate ownership.  In this situation there is no more reason for allowing them to escape criminal penalties than damages in civil suits. As the Court of Appeals noted, a corporation cannot be sent to jail.  The discharge of its liabilities whether criminal or civil can be effected only by the payment of money.

*Affirmed.*

---

[4] An argument to the contrary is premised on Del. Code Ann., 1953, Tit. 8, § 281, which provides that the trustees of a dissolved corporation shall, after payment of allowances, expenses, and costs, pay "the other debts due from the corporation."  It is urged that "debts" in this setting means existing debts.  But that seems to us too narrow a reading in light of the provision in § 279 which contemplates the entry of judgments against the corporation.