### UNITED STATES of America, Plaintiff,

v.

### SAN DIEGO GROCERS ASSOCIATION, INC., et al., Defendants.

### Crim. No. 28475.

United States District Court
S. D. California, S. D.

Oct. 8, 1959.

George B. Haddock, James M. McGrath, Stanley E. Disney, Maxwell M. Blecher, Dept. of Justice, Antitrust Division, Los Angeles, Cal., for plaintiff.

Hillyer, Crake & Irwin, San Diego, Cal., for defendants Linferg Super Market, Inc., and Will-Free, Inc.

JAMES M. CARTER, District Judge.

Motions to dismiss an indictment filed on behalf of two defendants raise generally the question as to the effect of the dissolution of a corporation upon a subsequent criminal prosecution.

In September 1958 a federal grand jury sitting in this district commenced an investigation which culminated in an indictment on June 5, 1959, charging thirteen corporations, engaged in the retail sale of groceries, and a trade association with conspiring to restrain trade in violation of Section 1 of the Sherman Act (15 U.S.C.A. § 1). Two of the defendants, both incorporated under the laws of the State of California, have filed motions to dismiss the indictment for reasons set out below.

The motion of Will-Free, Inc., is supported by an affidavit of its former president, Mr. Foster Willett. In February

1959, and while he was the sole owner and president of Will-Free, Inc., the board of directors voted to dissolve. In March, Will-Free, Inc., transferred its grocery assets to Food King, Inc., which Mr. Willett also owned. In payment for these assets, Food King gave to Will-Free a promissory note for $5,700. Thereafter, Will-Free, Inc., made a final distribution of its assets, consisting principally of the note, to Mr. Willett, its sole stockholder, and in May 1959 completed its formal dissolution under the laws of the State of California. The records show that a subpoena duces tecum was served on Will-Free, Inc., in September 1958, and that Mr. Willett was a witness before the grand jury. Presumably he was aware before the dissolution of Will-Free, Inc., of the investigation which resulted in the indictment.

The motion of Linferg Super Market, Inc., and its supporting affidavit recite that its assets were purchased in March 1959 by Mayfair Markets (also a defendant in this case), and that thereafter Linferg Super Market, Inc., filed a formal certificate of election to dissolve with the Secretary of State, as a step toward dissolving under the laws of the State of California. Linferg Super Market, Inc., was not dissolved on June 5, 1959, the date of the return of the indictment, and consequently was a corporation existing under the laws of the State of California on that date.

The precise question presented by these motions is whether a criminal prosecution for violation of the antitrust laws can be maintained against Will-Free, Inc., which had dissolved before it was indicted, and against Linferg Super Market, Inc., which had taken steps toward dissolving, but had not completed its dissolution at the time it was indicted. It seems clear that such prosecutions can be maintained.

Section 1 of the Sherman Act provides penalties for any "person" violating its provisions, and Section 8 of the same act [1] defines a "person" as including "corporations * * * existing under or authorized by * * * the laws of any State * * * ". This inquiry then turns on the question whether the movants are corporations "existing" under the laws of the State of California so far as Sections 1 and 8 of the Sherman Act are concerned.

The motion of Will-Free, Inc., will be discussed first. If it has sufficient "existence" under the California law, despite its dissolution, to meet the requirements of Section 8 of the Sherman Act, Linferg Super Market, Inc., which is not dissolved, must surely possess such "existence."

The pertinent sections of the California law are found in Sections 5400 and 5401 [2] of the Corporations Code of the State of California of 1947. Section 5400 provides in part that after its dissolution, a corporation "nevertheless continues to *exist* for the purpose of * * * prosecuting and defending *actions* by or against it * * * ". [Emphasis supplied.]

---

1. Sherman Act, Section 8 [26 Stat. 210; 15 U.S.C.A. § 7.] The word "person," or "persons," wherever used in this act, shall be deemed to include corporations and associations existing under or authorized by the laws of either the United States, the laws of any of the Territories, and laws of any State, or the laws of any foreign country.

2. "§ 5400. *Continued existence of dissolved corporations: Purposes for continued existence.* A corporation which is dissolved by the expiration of its term of existence, by forfeiture of existence by order of court, or otherwise, neverthe-

less continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it, and enabling it to collect and discharge obligations, dispose of and convey its property, and collect and divide its assets, but not for the purpose of continuing business except so far as necessary for the winding up thereof."

"§ 5401. *Abatement of actions.* No action or proceeding to which a corporation is a party abates by the dissolution of the corporation or by reason of proceedings for dissolution and winding up thereof."

Counsel for the defendants urge that this court should follow United States v. Safeway Stores, Inc., 10 Cir., 1944, 140 F.2d 834. In that case the Court of Appeals for the Tenth Circuit had to consider whether Section 399 of the Civil Code of California 1941, which is substantially the same as Sections 5400 and 5401 of the Corporations Code of 1947, continued the existence of three subsidiaries of Safeway Markets, Inc., which were dissolved under California law before being indicted for violation of Section 1 of the Sherman Act. The court reached the conclusion that Section 399, by specifying that the existence of a dissolved corporation continued for the purpose of defending "actions", referred only to civil and not to criminal actions. On this reasoning the court dismissed the indictment.[3]

■ This decision by the Court of Appeals for the Tenth Circuit is not binding on this court, which believes that the word "action" should not be construed to apply only to civil cases. No California case or statute is cited by the Court of Appeals to support its reasoning. To the contrary, the statutes of the State of California clearly established that the word "action" is used to include criminal as well as civil prosecutions.[4]

Compare United States v. Auerbach, D.C.S.D.C.D.Cal.1946, 68 F.Supp. 776, 780, where the court states:

"At common law, an equity case was referred to as a 'suit' in equity, and a law case was referred to as an 'action' at law."

Assuming arguendo, that it was the intent of the legislators of the State of California in enacting Section 5400 to continue the existence of a corporation, after its dissolution, only for the purpose of prosecuting and defending civil actions, as is urged by defense counsel, this limitation would apply only with reference to preventing criminal prosecution under State law and would not preclude prosecutions under the Sherman Act. This identical question was discussed by the Court of Appeals for the Fifth Circuit, in Alamo Fence Company of Houston v. United States, 1957, 240 F.2d 179, where the argument was made, that a Texas statute continued the existence of a dissolved corporation only for the purpose of civil action. The court in that case wrote at page 183, of 240 F.2d:

"* * * We have no doubt that a state can no more continue the existence of one of its corporations and at the same time immunize it against federal criminal prosecution, than it could have created the corporation in the first instance with such immunity. [Citing for comparison Northern Securities Co. v. United States, 193 U.S. 197, 333, 24 S.Ct. 436, 48 L.Ed. 679 and Barnes Coal Corpora-

---

3. The major part of the reasoning of the court in the Safeway case seemed to have been based upon the analogy between the dissolution of a corporation and the death of a natural person which causes an abatement of actions against the natural person. United States v. Safeway Stores Inc., supra, 140 F.2d at page 836. In a case arising in this circuit, the Supreme Court pointed out: "The parallel has not been the subject of universal admiration * * * and is by no means exact * * *". Defense Supplies Corporation v. Lawrence Warehouse Co., 1949, 336 U.S. 631 at page 634, 69 S.Ct. 762, 763, 93 L.Ed. 931.

4. California Code of Civil Procedure: "§ 22. ["Action" defined.] An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense."

"§ 23. Special proceeding defined. Every other remedy is a special proceeding."

"§ 24. Division of actions. Actions are of two kinds:
  "1. Civil; and
  "2. Criminal."
Penal Code of California, 1949:
  "§ 683. Criminal action defined. The proceeding by which a party charged with a public offense is accused and brought to trial and punishment, is known as a criminal action."

tion v. Retail Coal Merchants Ass'n, 4 Cir., 128 F.2d 645, 648.]"

The recent case of Melrose Distillers, Inc. v. United States, 1959, 359 U.S. 271, 79 S.Ct. 763, 3 L.Ed.2d 800, appears to be controlling on this point. There the Supreme Court had to consider whether the laws of the States of Delaware and of Maryland continued the existence of corporations dissolved under these laws to such an extent as to permit the maintenance of an indictment charging a violation of Section 1 of the Sherman Act. With certain differences of language unimportant here, the statutes of each State provided "proceedings" could be continued against a corporation after its dissolution. The defendants there urged that in each instance "proceeding" was limited to civil actions, and the corporations could not be prosecuted under the Sherman Act. The Supreme Court stated at page 765, of 79 S.Ct.:

"We have found no Maryland decisions interpreting these sections [the Maryland statutes]; but we are satisfied that the term 'proceeding,' *no matter how the state court may construe it,* implies enough vitality to make the corporation an 'existing' enterprise for the purposes of § 8, of the Sherman Act. * * * *We conclude that irrespective of how the Delaware statute may be construed by the Delaware courts,* it sufficiently continued the existence of this corporation for the purpose of § 8 of the Sherman Act. [Emphasis supplied.]

█ █  As to corporate existence, generally "state law controls in determining what state law has created," E. & J. Gallo Winery v. C. I. R., 9 Cir., 1955, 227 F.2d 699, 704–705, but if the laws of a State continue a corporation in existence for the purpose of defending "proceedings," regardless of how narrowly State courts may interpret this word, we are satisfied that the "existence" which is continued is sufficient to satisfy the requirements of Sections 1 and 8 of the Sherman Act.

The motions of Will-Free, Inc., and Linferg Super Market, Inc., are denied.