**DAMON ALARM CORPORATION, et al.,**
**Plaintiffs,**

v.

**AMERICAN DISTRICT TELEGRAPH**
**COMPANY, et al., Defendants.**

**No. 68 Civ. 2789.***

United States District Court
S. D. New York.

Sept. 16, 1969.

---

Dickstein, Shapiro & Galligan, and Nierenberg, Glixon, Zeif & Weinstein, New York City, for plaintiffs; Arthur J. Galligan, New York City, of counsel.

Cahill, Gordon, Sonnett, Reindel & Ohl, New York City, for defendant Grinnell Corp., Denis G. McInerney, New York City, of counsel.

White & Case, New York City, for defendant American District Telegraph Company; MacDonald Flinn, New York City, of counsel.

---

* And in actions: Nos. 68 Civ. 2647, 2669, 2671–2723, 2765, 2766, 2774–2776, 2779–2782, 2793–2795, 2828, 4026–4029, 4357.

Kelley, Drye, Newhall, Maginnes & Warren, New York City, for defendant Holmes Electric Protective Co.; Francis S. Bensel, New York City, of counsel.

Stickles, Hayden, Kennedy, Hort & Van Steenburgh, New York City, for defendant Automatic Fire Alarm Company of Delaware; J. Francis Hayden, New York City, of counsel.

Sidney Goldstein, New York City, for plaintiff.

METZNER, District Judge:

Defendant Automatic Fire Alarm Company of Delaware moves to dismiss the complaint on the ground that the company went out of existence on April 26, 1968 as the result of a statutory merger.

Service of the complaint was made here in New York after April 26, 1968 on Automatic Fire Alarm Company, the surviving corporation. Automatic Fire Alarm Company is a New York corporation. Fed.R.Civ.P. 17(b) provides that the capacity of a corporation to be sued shall be determined by the law of the state of incorporation. See Melrose Distillers, Inc. v. United States, 359 U.S. 271, 79 S.Ct. 763, 3 L.Ed.2d 800 (1959).

The Delaware law provides that when a merger becomes effective the separate existence of all corporations except the survivor shall cease to exist. 8 Del.C. § 259; Sevits v. McKiernan-Terry Corp., 264 F.Supp. 810 (S.D.N.Y.1966); Argenbright v. Phoenix Finance Co., 21 Del. Ch. 288, 187 A. 124 (1936). Consequently, the moving defendant no longer exists and the action cannot be maintained against it.

The case of *Melrose Distillers, supra,* relied on in opposition to this motion, is not apposite. The court there was dealing with the *dissolution* of a Delaware corporation and looked to the Delaware law applicable to such circumstances. The governing statute (8 Del.C. § 278) permitted suit within three years of dissolution. However, as indicated above, Delaware has a separate statute applicable to statutory mergers.

Motion granted. So ordered.