UNITED STATES of America

v.

SEABOARD COAST LINE RAILROAD
COMPANY, a corporation.

No. 70–91–Cr–J.

United States District Court,
M. D. Florida,
Jacksonville Division.

April 22, 1971.

B. Franklin Taylor, Charles R. Mc-
Conachie, Attys., Dept. of Justice, Wash-
ington, D. C., and Rudy Hernandez,
Asst. U. S. Atty., Jacksonville, Fla., for
United States.

James F. Moseley, Kurz, Toole, Tay-
lor, Moseley & Gabel, Jacksonville, Fla.,
Jas. E. Williams, Asst. Gen. Sol., Sea-
board Coast Line R. Co., for defendant.

MEMORANDUM

CLARY, District Judge.

This matter is now before the Court
on defendant's motion for rehearing of
dismissal of all 15 counts stated in the
Government's information. The infor-
mation charges that the Atlantic Coast
Line Railroad Company and the Sea-
board Air Line Railroad Company, the
constituent corporations which merged
to form the defendant corporation, gave
concessions by the device of paying the
Land Trucking Company a total of
$366.20 on all 15 counts (Atlantic is al-
leged to have paid a total of $195.54 on
Counts 1, 3, 5, 7, 9, 11, 13, and 15 and

Seaboard Air Line a total of $170.66 on Counts 2, 4, 6, 8, 10, 12, and 14). Said concessions were for the unloading of freight at a warehouse, "which unloading service was not in fact performed by Land Trucking Co."

The defendant bases its claim on two alternate grounds.

They first assert that the merger of Atlantic Coast Line with Seaboard Air Line Railroad effectively terminated the corporate existence of the constituent corporations under the law of the Commonwealth of Virginia, the state of their incorporation, and that the successor corporation cannot be held liable for the criminal actions of the constituent corporation.

They further assert that the informations are defective in that they lack the clarity and specificity required of a criminal information by the procedural due process requirements of the 5th and 14th Amendments.

■ The defendant's claim as to the effects of the merger on criminal liability is not without merit. The Government, in their brief, admits that the merger "was not accomplished to avoid prosecution for the violations charged." This Court looks to the guidelines set forth by the Supreme Court in Melrose Distillers v. United States, 359 U.S. 271, 79 S.Ct. 763, 3 L.Ed.2d 800 (1959). The Court there stated that

> "We start from the premise that in the federal domain prosecutions abate both on the death of an individual defendant (citations omitted) and on the dissolution of a corporate defendant (citations omitted) unless the action is saved by statute. * * *"

The question of whether a corporation "exists" at the time it is charged with criminal conduct is determined by reference to state law.

Both parties here agree that there has not been any case interpreting the Virginia Statutes on this question.

■ In examining the Virginia Statutes, particularly Va.C. § 13.1–74(e),

this Court believes that the tenor of the section indicates that it refers essentially to civil actions. Therefore when a corporate entity is dissolved by means of a merger, under these circumstances, its criminal liability terminates. See United States v. Line Material Co., 202 F.2d 929, 932 (6th Cir. 1953) and United States v. Safeway Stores, Inc., 140 F.2d 834, 838 (10th Cir. 1944). The *Melrose* case is not controlling on the final determination here, as under the facts present in that case, the indictments were handed down prior to the dissolution, which is not the case here.

The above interpretations do not, however, mean that all 15 counts listed in the information are invalid. A reading of the Plan of Merger of the Atlantic Coast Line Railroad Company and Seaboard Air Line Railroad Company filed with the Interstate Commerce Commission indicates that only the Atlantic Coast Line Railroad Company's existence was terminated by the merger. Paragraph one of the Plan of Merger clearly indicates that Seaboard's corporate existence never ceased at any time; it merely had its name changed.

■ It is therefore the finding of the Court that Counts 2, 4, 6, 8, 10, 12, and 14, the counts arising out of the actions of the Seaboard Air Line Railroad Company, survive. The counts based on the actions of the Atlantic Coast Line Railroad Company, Nos. 1, 3, 5, 7, 9, 11, 13 and 15 do not so survive.

Defendant's assertions concerning the adequacy of the information raises another difficult question.

The rules relating to the sufficiency of an information have been well set forth in United States v. Bearden, 423 F.2d 805, 810 (5th Cir. 1970). The Court stated that:

> "It is well settled that an indictment must set forth the offense with sufficient clarity and certainty to apprise the accused of the crime with which he is charged. Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); Van Liew v.

United States, 321 F.2d 664, 668 (5th Cir. 1963). The sufficiency of an indictment is measured by two criteria: (1) whether the indictment contains the elements of the offense charged and sufficiently apprises the defendant so that he will not be misled while preparing his defense; and (2) whether the defendant is protected against another prosecution for the same offense. Russell v. United States, supra, 369 U.S. at 763, 82 S.Ct. 1038; Berger v. United States, 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314 (1935)."

All 15 counts in question here are worded substantially the same. No mention is made in any count as to the identity of the consignors. The identity of the consignee is left to speculation. But most importantly no information is given as to relationship between Land Trucking Co. and Laney & Duke, the warehousemen. The Government has not questioned or alleged any impropriety in Land Trucking Company having subcontracted its work to Laney & Duke.

During the first hearing on this matter before the Honorable William A. McRae, Jr., on September 25, 1970, the Judge warned the Government that he felt that the information was fatally defective. Counsel for the Government then requested and received an extension until October 20, 1970 to redo the information. [T. p. 16] No superseding or amended information has ever been filed.

This Court is in complete agreement with Judge McRae and finds that information does not sufficiently apprise the defendant of the elements of the offense charged or that it will not be misled in its preparation of a defense.

It is therefore this 22nd day of April, 1971, ordered, adjudged and decreed that defendant's motion for the dismissal of all 15 counts of the information filed in the above captioned case on reargument be and hereby is affirmed, for the reasons set forth in the Memorandum above.