**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**MOBILE MATERIALS, INC. and
Mobile Materials Company,
Defendants-Appellees.**

**Nos. 84–2582, 84–2583.**

United States Court of Appeals,
Tenth Circuit.

Nov. 15, 1985.

Charles F. Rule, Acting Asst. Atty. Gen., Washington, D.C. (John J. Powers, III, and Andrea Limmer, Washington, D.C., and Alan Pason and Laurence K. Gustafson, Dallas, Tex., on brief), for plaintiff-appellant.

Mack Muratet Braly, Tulsa, Okla., for defendants-appellees.

Before JOHN P. MOORE, BREITENSTEIN and DOYLE, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

The sole issue presented by this appeal is whether dissolved Oklahoma corporations and partnerships may be subjected to federal criminal prosecution for crimes allegedly committed prior to dissolution. A grand jury in the Western District of Oklahoma returned an indictment against Mo-

bile Materials, Inc. and Mobile Materials Company, charging violations of the Sherman Act (15 U.S.C. § 1 et seq.), the mail fraud statute (18 U.S.C. § 1341), and the fraud and false statements statute (18 U.S.C. § 1001). The defendant companies, a corporation and a partnership organized under the laws of Oklahoma, moved to dismiss the indictment on the ground that the companies had been formally and lawfully dissolved before the indictment was filed. The district court, finding that Oklahoma law required abatement of criminal prosecutions commenced after dissolution of a corporation or a partnership, dismissed the indictment. Because Oklahoma law continues the existence of corporations and partnerships for some purposes following dissolution, we find that the defendant companies can be prosecuted for crimes allegedly committed prior to dissolution. Accordingly, the dismissal of the indictment is reversed, and the case is remanded.

Mobile Materials, Inc. was organized as an Oklahoma corporation on September 1, 1967, for a term of fifty years. The corporation was involved in the highway construction business in Oklahoma. During its entire existence, Gerald O. Philpot and James Wayne Philpot were the sole stockholders, directors, and officers of the corporation.[1] Gerald and James Philpot also did business as Mobile Materials Company, a general partnership organized under the laws of Oklahoma, from October 31, 1966, until dissolution of the partnership and corporation in 1982. Mobile Materials Company owned road construction equipment that it leased to Mobile Materials, Inc.

■ On March 3, 1982, a grand jury investigating bid rigging on Oklahoma high-

way construction projects served a subpoena *duces tecum* on Mobile Materials, Inc., requesting documents from the files of the corporation and the partnership. Gerald Philpot complied with the subpoena by producing the requested materials. Following an April 15, 1982 shareholders' meeting, at which their written consent to dissolve the corporation was obtained, a "Statement of Intent of Oklahoma Corporation to Dissolve by Unanimous Consent of Shareholders" was filed with the Oklahoma Secretary of State on May 4, 1982. Pursuant to Okla.Stat. tit. 18, § 1.185 (1981), a petition for dissolution under court supervision was filed on May 18, 1982, in the district court for Pontotoc County, Oklahoma.[2] On June 29, 1982, the Oklahoma Secretary of State issued a certificate of dissolution. Gerald Philpot and James Philpot entered into an agreement to dissolve the partnership, Mobile Materials Company, on June 30, 1982.

On August 22, 1984, the Oklahoma grand jury returned the indictment against Mobile Materials, Inc. and Mobile Materials Company. The companies moved to dismiss on the ground that they had been properly dissolved prior to the return of the indictment. Relying on our decision in *United States v. Safeway Stores, Inc.*, 140 F.2d 834 (10th Cir.1944), the district court dismissed the indictment against Mobile Materials, Inc., holding that a criminal proceeding cannot be maintained against an Oklahoma corporation that was dissolved before the return of the indictment.[3] After determining that the rationale for dismissal of the corporate defendant applied with equal force to the partnership, the district court dismissed the indictment against Mobile Materials Company.

---

1. Gerald O. Philpot, president of Mobile Materials, Inc. and managing partner and president of Mobile Materials Company, was indicted along with the companies. The district court denied the motion to dismiss the indictment against him. Mr. Philpot is awaiting trial.

2. The Oklahoma statutes governing dissolution and winding up of corporations, Okla.Stat. tit. 18, §§ 1.177–1.198b (1981), provide for both voluntary dissolution out of court and voluntary dissolution under court supervision, the route selected for the liquidation of Mobile Materials, Inc.

3. In *Safeway Stores*, we held that a California statute providing for the continuation of a dissolved corporation for the purpose of "prosecuting and defending actions by or against it" did not encompass criminal prosecution. The California statute was very similar to the Oklahoma dissolution statute at issue in this case. We also found in *Safeway Stores* that continuation of corporate existence "for the purpose of prosecuting and defending *suits*" (emphasis added) in a Nevada statute and in a Delaware statute did not allow criminal actions following dissolution.

The government argued that *Melrose Distillers v. United States*, 359 U.S. 271, 79 S.Ct. 763, 3 L.Ed.2d 800 (1959), by implicitly overruling *Safeway Stores*, permitted the maintenance of a criminal action against Mobile Materials, Inc. based on acts committed before dissolution. In *Melrose Distillers*, the Supreme Court granted certiorari to resolve a conflict among the circuits, specifically noting our opinion in *United States v. United States Vanadium Corp.*, 230 F.2d 646 (10th Cir.1956), in which we declined to overturn *Safeway Stores*. *Melrose Distillers, supra*, 359 U.S. note 1 at 272, 79 S.Ct. note 1 at 765.[4] *Melrose Distillers* held that Maryland and Delaware statutes sufficiently continued the existence of dissolved corporations so that pending criminal actions under the Sherman Act did not abate. With respect to the Maryland statute, the Court found statutory language that dissolution shall not abate any pending suit or proceeding "implie[d] enough vitality to make the corporation an 'existing' enterprise for the purposes of § 8 of the Sherman Act." *Id.* at 273, 79 S.Ct. at 765. A provision in the Delaware statute for continuation of any "proceeding" begun by or against a corporation before or within three years after dissolution was sufficient to save a federal criminal prosecution. In the present case, the government contends that, under *Melrose Distillers*, the provision in Okla.Stat. tit. 18, § 1.188 (1981), which continues corporate existence for "prosecuting and defending actions by or against it," permits the criminal prosecution.[5]

The district court rejected the government's argument that *Melrose Distillers*

implicitly overruled *Safeway Stores*. It distinguished the cases by pointing out that the indictment in *Melrose Distillers* was returned prior to the dissolution of the defendant corporations, while in *Safeway Stores*, the indictment was returned after dissolution. The district court then concluded that *Safeway Stores*, and not *Melrose Distillers*, controlled the case at hand because the indictment against Mobile Materials, Inc. and Mobile Materials Company was returned more than two years following dissolution. We disagree.

We begin by recognizing that *Melrose Distillers*, rather than *Safeway Stores*, controls the present case. *Melrose Distillers* specifically overruled *United States Vanadium Corp.*, in which we followed our *Safeway Stores* holding that a criminal action against a Delaware corporation does not survive corporate dissolution. While *Safeway Stores* also held that a California statute very similar to Okla.Stat. tit. 18, § 1.188 (1981) does not permit a criminal action against a dissolved corporation, our interpretation of the California statute has been specifically rejected. *United States v. BBF Liquidating, Inc.*, 450 F.2d 938 (9th Cir.1971), *cert. denied*, 405 U.S. 1065, 92 S.,Ct. 1494, 31 L.Ed.2d 794 (1972); *United States v. San Diego Grocers Ass'n*, 177 F.Supp. 352 (S.D.Cal.1959). If *Safeway Stores* retains any vitality, it is limited to the proposition that corporate existence following dissolution must be determined under state law. *Melrose Distillers* delineates the proper approach to the determination of continued corporate existence under state law for purposes of criminal prosecution.

---

**4.** In *United States Vanadium Corp.*, we held that criminal proceedings abated upon dissolution of West Virginia and Delaware corporations. The Sixth Circuit, in *United States v. Line Material Co.*, 202 F.2d 929 (6th Cir.1953), concluded that a criminal action against a Delaware corporation abated upon dissolution. In *United States v. P.F. Collier & Son Corp.*, 208 F.2d 936 (7th Cir.1953), the Seventh Circuit reached the opposite result.

**5.** § 1.188 reads, in pertinent part:
   Any domestic corporation which is dissolved by the expiration of its terms of exist-

ence, by forfeiture of existence by order of the court, or otherwise, nevertheless shall continue to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it, and enabling it to collect and discharge obligations, dispose of and convey its property, and collect and divide its assets, but not for the purpose of continuing business except in so far as necessary for the winding up thereof. No action or proceeding to which a corporation is a party shall abate by the dissolution of such corporation or by reason of proceedings for dissolution and winding up thereof.

Application of *Melrose Distillers* to the Oklahoma corporation law leads us to conclude the indictment against Mobile Materials, Inc. must stand.[6] In the Supreme Court's analysis of the statutes at issue in that case, the pivotal inquiry is whether a statute implies sufficient vitality to corporate life following dissolution to subject the corporation to criminal prosecution; that is, whether, under state law, corporate existence is continued for *some* purpose. Section 1.188 of the Oklahoma corporation law continues the existence of a dissolved corporation "for the purpose of winding up its affairs, prosecuting and defending actions by or against it, and enabling it to collect and discharge obligations...." We conclude the enumerated purposes, specifically "prosecuting and defending actions by or against it" breathe sufficient life into a dissolved corporation to subject it to federal criminal prosecution. The word "actions," like the term "proceedings" in the Delaware and Maryland statutes examined by the Supreme Court in *Melrose Distillers,* is sufficiently broad to embrace a criminal prosecution of a corporate defendant.[7]

The defendant companies argue, even if *Melrose Distillers* overruled *Safeway Stores,* the former case is inapposite because the indictment in *Melrose Distillers* was returned before dissolution of the defendant corporations, rather than after dissolution as in the present case. In support, the defendants point to language in Okla. Stat. tit. 18, § 1.188 (1981) which states: "No action or proceeding to which a corporation is a party shall abate by the dissolution of such corporation or by reason of proceedings for dissolution or winding up thereof." They contend the addition of "to

which a corporation is a party" clearly indicates legislative intent to permit only those criminal actions that had been formally commenced by the return of an indictment at the time of dissolution. The defendants urge that to read this sentence differently violates the rule of statutory construction that every section is to be given meaning. We disagree.

We find no reason, either in the facts presented by this case or in the language of Okla.Stat. tit. 18, § 1.188 (1981), to distinguish *Melrose Distillers.* The Court's analysis in *Melrose Distillers* focused not on the stage of a criminal action or investigation at the time of dissolution but on the vitality imparted to corporate existence following dissolution. The Court's holding that the Delaware and Maryland statutes allowed a criminal prosecution against a dissolved corporation in no way turned on the fact that the indictments in the case were returned before dissolution.

The sentence in § 1.188 that precludes abatement of actions "to which a corporation is a party" does not compel the conclusion that only actions formally commenced with the return of an indictment or the filing of a complaint are saved by the statute. In *Wewoka Petroleum Corp. v. Gilmore,* 319 P.2d 285 (Okla.1957), the Oklahoma Supreme Court refused to dismiss a civil action against a dissolved corporation where the suit was filed after dissolution. Reading § 1.188 as defendant corporations urge would have mandated dismissal of that civil action as well as a criminal action. Furthermore, another section of the Oklahoma corporation statute, Okla.Stat. tit. 18, § 1.198b (1981), provides a mechanism for service of process on dissolved corporations.[8] As the government points out, this

6. While *Melrose Distillers* resolved a conflict among the circuits with respect to Delaware corporation law, the approach to determining the vitality of corporate life following dissolution set forth in the opinion applies equally well to the interpretation of the corporation laws of other states.

7. This interpretation is consistent with the use of the word "action" elsewhere in the Oklahoma statutes. Okla.Stat. tit. 12, § 4 (Oklahoma Rules of Civil Procedure) defines an action as "an ordinary proceeding in a court of justice by

which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or *the punishment of a public offense.*" (emphasis added). Okla.Stat. tit. 22, § 10 (Oklahoma Rules of Criminal Procedure) defines a criminal action as "[t]he proceeding by which a party charged with a public offense is accused and brought to trial and punishment...."

8. § 1.198b reads, in pertinent part:
   In case the charter of any domestic corporation shall hereafter or has heretofore expired,

section would be entirely superfluous if Oklahoma law permitted only actions formally commenced before dissolution.[9]

In an attempt to distinguish *Wewoka Petroleum Corp.*, Mobile Materials, Inc. makes much of the fact that its dissolution was carried out under court supervision, pursuant to Okla.Stat. tit. 18, § 1.185 (1981). It argues that a court decree dissolving a corporation, issued after the notification procedures prescribed in § 1.185 are followed, ends the existence of the corporation for all time and all purposes. We are not persuaded.

The defendants misinterpret the consequences of the issuance of a dissolution decree by a court supervising the dissolution process. Okla.Stat. tit. 18, § 1.188 (1981) continues the existence of dissolved corporations "for the purpose of winding up its affairs" regardless of the method of dissolution. Furthermore, § 1.185 describes the effect of a court order for dissolution in subsection (d)(11):

> The making of an order, upon the allowance or settlement of the final accounts of the directors, that the corporation has been duly wound up and is dissolved; and, upon the making and entering upon the court's records of such order, the corporate existence shall cease *except for purposes of further winding up if needed....*

(Emphasis added.) Therefore, the fact that the dissolution of Mobile Materials, Inc.

was conducted under court supervision has no impact on the survival of a criminal action.

The defendant companies also argue that *Melrose Distillers* is inapposite because it was decided in the context of facts indicating dissolution was undertaken to perpetrate a fraud on the court. In that case, the dissolved corporations became new divisions under the same ownership as existed before their dissolution. In this case, the defendant companies point out that they were completely dissolved, and their assets were sold in an arms-length transaction. While we note the distinctions in the fact situations presented by the two cases, we find that the Court's holding in *Melrose Distillers* did not turn on the finding of fraud underlying dissolution. The Court merely noted the continuation of prior ownership in the context of explaining that policy considerations supported its holding.[10]

Policy considerations also support our conclusion that the criminal action against Mobile Materials, Inc. and Mobile Materials Company can be maintained. Even though an indictment had not been returned at the time the companies were dissolved, an extensive criminal investigation of the highway construction business in Oklahoma, in which the companies were involved, was well underway. The companies were aware of the wide-ranging investigation of bid rigging activities in Oklahoma and

---

or be, or has been cancelled by any court of competent jurisdiction or by order of the Secretary of State or the Oklahoma Tax Commission or other competent officer, it shall be lawful to obtain service upon any such corporation, its officers, directors or liquidating trustees by service upon the Secretary of State.... Such service shall be effective for all intents and for all purposes as if made upon the president or chief officer of the corporation, or on the officers, directors or liquidating trustees thereof as hereinbefore designated.

**9.** At oral argument, the defendant companies relied on *Riffe Petroleum Co. v. McMichael Asphalt Sales Co.*, 585 P.2d 1123 (Okla.1978) to support their argument that § 1.198b is inapposite because it applies only to dissolved corporations that have undergone involuntary dissolu-

tion. A careful reading of that case clearly indicates that the Oklahoma Supreme Court reads § 1.198b to apply to corporations that have been voluntarily dissolved under court supervision. Mobile Materials, Inc. availed itself of the supervision of the district court of Pontotoc County in its voluntary dissolution. In this context, we also note that the "Order Approving Dissolution" issued by that court contained no specific bar to an action against Mobile Materials, Inc. following dissolution.

**10.** Because we find that the motivation underlying dissolution of corporations is not determinative of the survival of criminal actions against dissolved corporations, the defendant companies' request to remand for a hearing on whether the decision to dissolve Mobile Materials, Inc. and Mobile Materials Company was made in good faith is mooted.

neighboring states. In fact, a subpoena *duces tecum* was served on Mobile Materials, Inc. shortly before the shareholders agreed to dissolve the corporation. Therefore, the indictment returned after dissolution was not entirely unanticipated.

The companies complain that allowing indictment after dissolution will unfairly prevent innocent corporate entities from liquidating when it is in their legitimate business interest to proceed with dissolution. However, in this case, dissolution was not prevented by the threat of indictment at some time in the future. Furthermore, Okla.Stat. tit. 18, § 1.188 (1981) specifically continues corporate existence for several purposes, including the satisfaction of obligations incurred before dissolution. It would certainly be unfair to allow state law to continue corporate existence for some purposes, specifically civil actions, while immunizing a dissolved corporation from criminal liability.

With respect to the partnership, Mobile Materials Company, we find that Oklahoma law sufficiently continues the existence of partnerships following dissolution to permit maintenance of the present criminal prosecution. The Oklahoma Uniform Partnership Act, under which Mobile Materials Company was organized, provides as follows: "On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed." (Okla.Stat. tit. 54, § 230 (1981)). Because Oklahoma law continues partnership existence for some purposes, we believe the reasoning already set forth is apposite, and a dissolved partnership is subject to criminal prosecution following dissolution.

Reversed and remanded.