UNITED STATES of America, Plaintiff–Appellee,

v.

ALAMO BANK OF TEXAS, Defendant–Appellant.

No. 88–6112.

United States Court of Appeals, Fifth Circuit.

Aug. 7, 1989.

Rehearing and Rehearing En Banc Denied Sept. 14, 1989.

See also, D.C., 705 F.Supp. 336.

---

Seagal V. Wheatley, San Antonio, Tex., Thomas G. Sharpe, Jr., Brownsville, Tex., for defendant-appellant.

Ronald R. Glancz, David E. Danovitch, James Eiseman, Jr., Washington, D.C., Pe-

ter Nordberg, Philadelphia, Pa., for amicus-The Natl. Council of Sav. Inst.

Charles Lewis, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, JOHNSON and SMITH, Circuit Judges.

CLARK, Chief Judge:

Alamo Bank of Texas appeals its conviction for several violations of the Bank Secrecy Act, 31 U.S.C. § 5322. The offenses were committed by officers of Central National Bank, prior to its merger with Alamo. Alamo argues that it should not be held responsible for Central National Bank's pre-merger actions. We affirm the conviction.

In early 1987, Alamo Bank of Texas and Central National Bank (CNB) merged under the title and charter of Alamo. CNB, a nationally chartered bank, surrendered its charter to the Comptroller of the Currency and became a branch bank of Alamo, a state bank of Texas. Three to four years prior to the merger, CNB committed numerous violations of the Bank Secrecy Act by failing to report substantial cash transactions. Following the merger, Alamo was indicted for the reporting violations. Alamo conditionally pleaded nolo contendere to the charges, preserving its right to appeal the question of whether it, as the successor to the merger, could be held criminally responsible for CNB's pre-merger conduct. Alamo was fined $750,000, $500,000 of which was suspended in lieu of 36 months probation.

Alamo argues that the Bank Secrecy Act does not apply to successor banks, that Alamo did not act with the requisite intent to establish criminal liability under the Act, and that holding it responsible for the criminal acts of a separate entity violates the Due Process Clauses of the United States and Texas Constitutions. These contentions by Alamo, however, beg the real issue in this appeal. That is, has CNB ceased to exist or does it continue to be present under the title and charter of Alamo? The United States contends that it did not prosecute Alamo for the actions of another; rather, the United States is seeking to hold CNB responsible for its crimes, and CNB still exists under the name Alamo. If this is correct, Alamo's contentions are moot.

Both the United States and the State of Texas have bank merger statutes. The relevant language of the statutes is similar, but not identical.

(a) The federal statute is 12 U.S.C. § 214b:

The franchise of a national banking association as a national banking association shall automatically terminate when its conversion into or its merger or consolidation with a State bank under a State charter is consummated and *the resulting State bank shall be considered the same business and corporate entity as the national banking association,* although as to rights, powers, and duties the resulting bank is a State bank. Any reference to such national banking association in any contract, will or document shall be considered a reference to the State bank if not inconsistent with the provisions of the contract, will, or document or applicable law. (emphasis supplied)

(b) The Texas statute is Tex.Rev.Civ. Stat.Ann. Art. 342–308:

The *resulting bank shall be deemed a continuation in entity and identity of each of the banks involved in the merger; shall be subject to all the liabilities, obligations, duties and relations of each merging bank* and shall without the necessity of any conveyance, assignment or transfer become the owner of all of the assets of every kind and character formerly belonging to the merging banks. (emphasis supplied)

Neither statute has been interpreted in this precise context. The district court relied on the Texas statute because the resulting bank was a Texas institution, citing *United States v. Polizzi,* 500 F.2d 856, 906–07 (9th Cir.1974). We disagree.

**830**

The federal banking statute, section 214b, which controls the rights and liabilities of federally chartered banks, expressly provides for the merger of a national bank with a state bank under the state bank's charter. If the law of the state of charter of the resulting bank could determine the law applicable to the federally chartered bank, the federal statute would be rendered inoperative. *Polizzi* is distinguishable. That case did not involve the choice between applying a federal or state bank merger statute. Its holding merely adopted New York law governing corporate merger to fix the existence of a New York corporation as a person for the purposes of a federal racketeering statute.

Under the federal bank statute, CNB continues to exist, albeit now as part of Alamo. "[T]he resulting state bank shall be considered the same business and corporate entity as the national banking association...." 12 U.S.C. § 214b. Thus, Alamo is CNB, and it is CNB now named Alamo which is responsible for CNB's actions and liabilities. This includes criminal responsibility. *See Melrose Distillers, Inc. v. United States,* 359 U.S. 271, 274, 79 S.Ct. 763, 765, 3 L.Ed.2d 800 (1959).

In *Melrose,* the Supreme Court interpreted a state dissolution statute which called for continued corporate liability and held that there was no basis to distinguish civil from criminal liability.

> After dissolution [the dissolved corporation] simply became divisions of a new corporation under the same ultimate ownership. In this situation, there is no more reason to allowing them to escape criminal penalties than damages in civil suits. As the Court of Appeals noted, a corporation cannot be sent to jail. The discharge of its liability whether criminal or civil can be effected only by the payment of money.

*Id.*

CNB cannot escape punishment by merging with Alamo and taking Alamo's corporate persona. Neither the pre nor post merger Alamo as a separate legal entity is being forced to pay for the wrongs of CNB. The operation of the federal statute makes it unnecessary to reach Alamo's other arguments.

The judgment of conviction is

AFFIRMED.